**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Levi Blue, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING PETITION** |
| | ) | **FOR HABEAS CORPUS RELIEF** |
| vs. | ) | |
| | ) | Case No. 4:06-cv-067 |
| Madonna Marcellias, | ) | |
| | ) | |
| Respondent. | ) | |

_____

Levi Blue is an enrolled member of the Turtle Mountain Band of Chippewa Indians. Blue is presently incarcerated in a tribal jail facility pursuant to an order issued by Tribal Judge Madonna Marcellais, Chief Judge of the Turtle Mountain Tribal Court. On August 21, 2006, Blue filed this petition for habeas corpus relief pursuant to Indian Civil Rights Act 25 U.S.C. § 1303, et. seq. On August 22, 2006, the Court entered an order directing Judge Marcellais to file a response as to the current status of Blue's Petition for Stay with the Tribal Appellate Court, Blue's Order of Detention, and the current status of Blue's criminal proceedings. On September 1, 2006, the Defendants filed a response to the Court's order. For the reasons set forth below, the Court denies the petition.

**I.    BACKGROUND**

Levi Blue filed a petition for habeas corpus relief which arises out of a long-standing custody dispute in the Turtle Mountain Tribal Court. The custody dispute is over Blue and Shanna Martin-Lill's two children and began on or around May 8, 2001. Since the dispute originated, the parties have been in and out of state and tribal court more than twenty times, going before at least three tribal trial court judges, three tribal appellate judges, and four state court judges. The first decision

of the Tribal Court awarded custody of both children to Blue and was signed by Turtle Mountain Tribal Juvenile Judge Victor J. Delong on June 8, 2001.  See Order Granting Custody, filed June 8, 2001.  The decision by Tribal Judge Delong was affirmed by the Turtle Mountain Appellate Court by an Order of Remand dated October 31, 2001.  See Memorandum Decision and Order Dismissing Motion to Amend Judgment in Case 18-98-R-0227 and Reinstating Judgment in Case 18-01-C-1509, filed December 1, 2002 in Grand Forks County District Court.

Blue filed the Turtle Mountain Custody Order and sought to enforce it, but Martin-Lill objected.  Id.  A hearing was then held before Judge Kleven in the North Dakota District Court for the Northeast Judicial District.  On May 14, 2002, that court granted Blue custody and ordered Martin-Lill to produce the minor children.  See Judgment, Civil No. 01-3206, filed May 14, 2002.

The numerous Tribal Court orders from May 2002 through March 2006 are contradictory and confusing at best.  Some purport to award custody of both children to Blue and others purport to award custody of one child to each parent.  For example, the Turtle Mountain Tribal Council passed a resolution (TMBC 2227-07-02) which vacated the Tribal Court Order by Judge Delong granting Blue custody.  See Memorandum Decision and Order Dismissing Motion to Amend Judgment in Case 18-98-R-0227 and Reinstating Judgment in Case 18-01-C-1509, filed on December 1, 2002 in Grand Forks County District Court.  Based on that resolution, Judge Kleven vacated her judgment.  Then the Turtle Mountain Tribal Council passed another resolution (TMBC 2227R-08-02) rescinding TMBC 2227-07-02.  Following the rescission of TMBC 2227-07-02, Martin-Lill again sought relief in North Dakota state court alleging fraud and deceit and seeking to have the custody judgment dismissed.  In a memorandum decision, Judge Medd reinstated Judge Kleven's judgment awarding custody to Blue and instructed Martin-Lill that the proper avenue to pursue relief of her claim is through the Tribal Appeals Board.

On September 29, 2005, Tribal Judge Marcellais ordered that Blue have sole custody of his son and Martin-Lill have sole custody of their daughter. See Order JV-01-3206 filed on September 29, 2005 in the Turtle Mountain Tribal Court Juvenile Division. However, by an order also dated September 29, 2005, Tribal Judge DeLong awarded full custody of both children to Blue. See Order, Civil No. 01-3206 filed on September 30, 2005. A third order dated September 29, 2005, required Blue to surrender his daughter over to Martin-Lill's custody and was signed by Judge McLees of the North Dakota district court for the Northwest Judicial District. See Order, Case No. 51-05-C-01391, State of North Dakota District Court, Northwest Judicial District. This order was vacated the same day after Judge McLees discovered that the Tribal Court had awarded custody of both children to Blue.

This matter again went before the Turtle Mountain Tribal Court on January 25, 2006, but shortly after the hearings started, a recess was taken for the parties to negotiate an acceptable agreement. See Order for Second Amended Judgment and Second Amended Judgment, TMTC Civil No. JV-01-3206, filed August 15, 2006. The parties agreed that Blue would retain custody of his son, but would turn over his daughter to Martin-Lill at an agreed-upon time and place. The Tribal Court issued an order for judgment reflecting that agreement on January 30, 2006. The Tribal Court order of January 30, 2006 states that failure to comply "shall be considered contempt of court." The judgment of January 30, 2006, was appealed to the Turtle Mountain Court of Appeals and was affirmed on July 31, 2006. However, the appellate court remanded the matter to the Tribal Court for a custody hearing to determine whether the order of January 30, 2006, should be modified to serve the best interests of the children.

After the hearing on January 25, 2006, Blue allegedly withdrew both children from school and took them into hiding. At some point thereafter, a contempt of court warrant was issued for

Blue. On March 17, 2006, Blue submitted a petition for stay of judgment pending appeal and withdrawal of his contempt of court warrant. That petition was denied.

On or about August 2, 2006, Blue was served with notice to appear for a custody review hearing to be held before the Tribal Court on August 9, 2006. Blue failed to appear and a second contempt of court warrant was issued. See Docket No. 1-1. On August 15, 2006, Blue was arrested and incarcerated on two civil contempt or court warrants as well as on a charge of abduction by a parent. See Docket No. 5-1. Blue was arraigned on the abduction charge on August 17, 2006, and has a pretrial hearing set for October 20, 2006.

Blue asserts that he has exhausted all remedies available to him in tribal court. See Docket No. 1-1. However, on August 11, 2006, Blue filed a Petition for Stay with the Turtle Mountain Tribal Court of Appeals requesting that the court of appeals vacate the contempt of court warrants. As of the date of this order, the Petition for Stay has not been granted nor denied by the Tribal Court of Appeals. See Docket No. 5-1.

## II.   LEGAL DISCUSSION

The Indian Civil Rights Act provides: "The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act; however, the requirement is not an inflexible one." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976); Janis v. Wilson, 521 F.2d 724,

726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)).

The rationale behind tribal exhaustion is "that Congress is committed to a policy of supporting tribal self-government and self-determination." National Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 856 (1985). "Tribal courts play a vital role in tribal self-government, and the Federal Government has consistently encouraged their development." Duncan Energy Co. v. Three Affiliated Tribes of Fort Berthold Reservation, 27 F.3d 1294, 1299 (8th Cir. 1994) (citing Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987)). As such, Levi Blue is required to exhaust his tribal remedies before seeking review from this Court by way of a habeas corpus petition filed pursuant to the Indian Civil Rights Act. Because Blue has a petition for stay pending with the Tribal Court of Appeals, his tribal remedies have not been exhausted and review by this Court is improper.

With respect to Blue's abduction charge, it is well-established that federal courts are generally reluctant to entertain pretrial habeas corpus petitions. See Harpster v. State of Ohio, 128 F.3d 322 (6th Cir. 1997); Carden v. State of Mont., 626 F.2d 82 (9th Cir. 1980); Benson v. Superior Court Dept. Of Trial Court of Mass., 663 F.2d 355 (1st Cir. 1981); Neville v. Cavanagh, 611 F.2d 673 (7th Cir. 1979); Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975); Drury v. Cox, 457 F.2d 764 (9th Cir. 1972). Most courts require the petitioner to show that "special circumstances" exist which warrant federal intervention prior to trial. See Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). Blue has failed to make such a showing, and his upcoming pretrial conference makes clear that his trial on the abduction charge has yet to occur.

It is clear and undisputed that Blue has not exhausted his tribal remedies. This Court must adhere to the well-established doctrine of tribal exhaustion until Blue has exhausted the remedies available to him within the tribal court system.

### III.     CONCLUSION

For the foregoing reasons, plaintiff Levi Blue's Petition for Habeas Corpus Relief is **DENIED** (Docket No. 1-1).

**IT IS SO ORDERED.**

Dated this 29th day of September, 2006.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court